IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00021-CV

 

In
the Estate of James H. Rice, Deceased,

                                                                                    

 

 



From the County Court

McLennan County, Texas

Trial Court No. 2003-0437-PR1

 



MEMORANDUM  Opinion



 

            In an order dated April 20,
2011, the Court found that this appeal was appropriate for mediation and ordered
the parties to mediate this case.  The Court’s Order provided in part:

            Named parties must be
present during the entire mediation process, … .

 

            Failure or refusal to attend
the mediation as scheduled may result in the imposition of sanctions, as
permitted by law.  If Appellant James Rice, Jr. fails to attend the
mediation, this appeal will be dismissed.  See Tex. R. App. P. 42.3(b), (c). 
[Emphasis in original.]

 

            The mediation was held at
the McLennan County Dispute Resolution Center on June 15, 2011.  The Court
received a June 22, 2011 letter from the Executive Director of the McLennan
County Dispute Resolution Center.  That letter states that

the mediation session ended abruptly
when Appellant, James H. Rice, Jr. unexpectedly left the premises and did not
return, prior to the mediation being terminated, adjourned, or recessed by the
DRC’s volunteer mediator.  As a result, the parties were unable to reach any
agreement and the mediator, in the absence of the Appellant, pronounced the
mediation terminated with the parties at impasse.

 

            The Court requested, and has
received, statements from the parties’ counsel about “the circumstances of
Appellant’s departure from the mediation and why this appeal should not be
dismissed for failure to comply with the Court’s April 20 Order.”  James has
not justified his departure from the mediation.  The only explanation, which
the Court finds insufficient, for James’s departure is that he “felt it best to
put this matter in the hands of the Court.”  Noah’s counsel’s statement
verifies the Executive Director’s description of the events.  James’s departure
violated both the letter and spirit of the Court’s order, which explicitly
required him “to attend the mediation” and to “be present during the entire
mediation process.”  Accordingly, this appeal is dismissed.  Tex. R. App. P. 42.3(c).

 

 

 

REX D. DAVIS

Justice

 

 

Before Chief
Justice Gray,

            Justice
Davis, and 

Justice
Scoggins

Appeal
dismissed

Opinion
delivered and filed August 10, 2011

[CV06]